# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GUY WESTMORELAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:13-cv-00360-JMS-WGH |
| | ) | |
| JOHN. F. CARAWAY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry and Order Dismissing Action

### I.

Guy Westmoreland was convicted of drug and related offenses. *United States v. Westmoreland,* 712 F.3d 1066, 1069 (7th Cir. 2013). The only post-sentencing challenge presented to the trial court was Westmoreland's Rule 33 motion for new trial, which was denied on December 13, 2010. *See United States v. Westmoreland,* 2010 WL 141770 (S.D.Ill. 2010) (unpublished), *aff'd,* 712 F.3d 1066 (7th Cir. 2013).

Westmoreland is now confined within the Southern District of Indiana and challenges his conviction on a multitude of grounds. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* 695 F.3d at 648, the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

Westmoreland's arguments show that his habeas claims are within the scope of relief available under § 2255. He was not barred from presenting those claims in such an action, which must necessarily be brought in the trial court. Arguing that his legal claims have merit does not establish that a remedy via § 2255 "inadequate or ineffective."

Because Westmoreland's habeas claims could have been presented to the trial court, the remedy afforded by § 2255 is anything but "unavailable" or ineffective to test the validity of his conviction. It is not available for further review here. Further, the court does not consider this action to be a good candidate for transfer to the trial court because Westmoreland insists that the court must treat the action as he presented it. [*See,* dkt. 12 at 2-8.] As shown through the foregoing discussion, however, Westmoreland has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is dismissed without prejudice.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 04/29/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

GUY WESTMORELAND
04294-025
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808